Irene Karbelashvili, State Bar Number 232223
Law Office of Irene Karbelashvili
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Kenneth J. Pinto, State Bar Number 221422
Law Office of Kenneth J. Pinto
12 South First Street, Suite 713
San Jose, CA 95113
Telephone: (408) 289-1765
Fax: (408) 289-1754

Attorneys for RICHARD JOHNSON, Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD JOHNSON<br>        Plaintiff,<br><br>vs.<br><br>GURPREET SACHDEV, an individual, d/b/a SUBWAY SANDWICHES; TETHER ENTERPRISES, INC., a California corporation, d/b/a SUBWAY; 1402 CAMDEN, LLC, a California limited liability company; and DOES 1-20,<br>        Defendants. | **Case No. 5:14-CV-05536-RMW**<br>*Civil Rights*<br><br>**FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 1 of 12

**DEMAND FOR JURY TRIAL**

Plaintiff RICHARD JOHNSON (hereafter "Plaintiff") complains of Defendants GURPREET SACHDEV, an individual, d/b/a SUBWAY SANDWICHES; TETHER ENTERPRISES, INC., a California corporation, d/b/a SUBWAY; 1402 CAMDEN, LLC, a California limited liability company and DOES 1-20, inclusive (hereafter "Defendants") and alleges as follows:

## I.      INTRODUCTION

1. The Americans with Disabilities Act ("ADA") was enacted over twenty years ago, establishing the most important and comprehensive civil rights law for persons with disabilities in our country's history. One of the principal goals of the ADA is the integration of people with disabilities into the country's economic and social life. (42 U.S.C. § 12101(a)). Despite this long-standing mandate, Defendants, the owners, operators, lessors and lessees of Subway Sandwiches Restaurant, located at 1410 Camden Avenue, in Campbell, California ("Restaurant"), have failed to provide disabled persons with full and equal access to their goods and services in violation of the ADA by constructing and/or failing to remove architectural barriers that prevent persons who use wheelchairs or other mobility devices from using and enjoying their facilities in as full and equal manner as able bodied persons In so doing, Defendants have also violated California civil rights laws including Health and Safety Code §§19955 *et seq.*, the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §.51 et seq. and the Disabled Persons Act, Cal. Civ. Code §54 et seq.

2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be prevented and deterred from accessing and using Defendants' goods, services and facilities to the same extent as, and in a manner equal to  non-disabled guests. Through this lawsuit, Plaintiff seeks compensation for his injuries and an injunction requiring Defendants to provide "full and equal" access to their public facilities for disabled persons as required by law.

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 2 of 12

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. 12101 *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of California Health & Safety Code §19955 *et seq.;* and the Unruh Act, Cal. Civ. Code § 51.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

## III. PARTIES

5. Plaintiff is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff was in a motorcycle accident, which left him paralyzed from the waist down. He requires the use of a wheelchair for mobility. Plaintiff possesses a DMV issued disabled parking placard and is entitled to park in disabled accessible parking spaces, including van accessible parking spaces, and to travel on and along public paths of travel between such parking facilities and areas to which the general public is invited. He is also entitled to fully accessible facilities with the public areas of the Restaurant. Plaintiff is, and at all times relevant hereto was, a resident of California.

6. On information and belief, Defendants GURPREET SACHDEV, an individual, d/b/a SUBWAY SANDWICHES; TETHER ENTERPRISES, INC., a California corporation, d/b/a SUBWAY and 1402 CAMDEN, LLC, a California limited liability company are owners, operators, lessors and/or lessees, or agents of the owners, lessors, lessees, and/or alter egos, franchisors and/or franchisees, of the business, property, buildings, parking lots, and/or portions thereof located at 1410 Camden Avenue, in Campbell, California, including but not limited to the Restaurant and the walkways and parking places serving the Restaurant.

7. The true names and capacities of Defendants DOES 1 through 20, inclusive, are

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 3 of 12

unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants, DOES 1 through 20 inclusive, is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

## IV. FACTS UPON WHICH ALL CLAIMS ARE BASED

8. Restaurant is a "place of public accommodation" as defined under Title III of the ADA, 42 U.S.C. § 12181 (7)(B), and California civil rights laws. Cal. Civ. Code §§ 51 *et seq.;* and Health &Saf.Code § 19955 *et seq.*

9. On information and belief, Restaurant was constructed and/or altered after January 26, 1993.

10. Plaintiff and other similarly situated individuals who use wheelchairs or other mobility devices are unable to access and use the goods, services and facilities offered at the Restaurant on a "full and equal" basis unless they are brought into compliance with Title III, 42 U.S.C. § § 12181 *et seq.;* Health & Safety Code § 19955 *et seq.;* and California Code of Regulations, Title 24-2 ("Title 24-2"), all of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are protected by these laws.

11. Plaintiff is a frequent customer of the Subway Restaurant at 1014 Camden Avenue with his last visit being on November 7, 2014. While Plaintiff is fond of the food there, he feels

discriminated against on the basis of his disability due to the various accessibility barriers encounter by him on the inside and outside of the Restaurant's premises.

12. The Restaurant fails to provide a compliant disability parking stall for Plaintiff's vehicle. While the Restaurant does have one parking stall reserved for the disabled, it is not able to accommodate Plaintiff's van. Furthermore, the access aisle is not painted the proper color resulting in other customers to mistake the access aisle for a parking spot.  **A true and correct copy of the picture depicting the access aisle is attached hereto as Exhibit "A".** Lastly, the slope of the parking lot is so steep that it puts Plaintiff in danger of losing his balance.

13. There is no ADA seating inside or outside of the building. During each visit, Plaintiff is forced to do the best he can to maneuver himself into a non-ADA seat. Inside of the Restaurant, Plaintiff is unable to use the restroom on a full and equal basis.

14. During his November 7, 2014 visit, Plaintiff had trouble entering the restroom because of a rug that prevents the restroom door from being fully open. **A true and correct copy of the picture depicting a rug that prevents the restroom door from being fully open is attached hereto as Exhibit "B".** After struggling for a while, Plaintiff was finally able to swing the door open. Inside of the restroom, the paper towel dispenser is out of Plaintiff's reach and the rear grab bar is not positioned correctly.

15. Plaintiff would like to have the ability to enjoy the good and services at the Restaurant on a full and equal basis. Unfortunately, after being humiliated and embarrassed during his last visit, Plaintiff believes that until a court compels the Restaurant to comply with the ADA, he will continue to feel like a second class citizen.

16. On information and belief there are additional access barriers that deny, exclude, or otherwise deter persons who use wheelchairs or other mobility devices from the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the Restaurant to the general public, including, but not limited to:

- No ADA sign on main door;
- Outside no ADA seating;
- Bathroom door does not open 90 degrees;

- No 18" pull space on bathroom door;
- Bathroom door over 5 lbs;
- Signage on bathroom door is not ADA standards;
- Bathroom door handle hard to operate;
- Bathroom door lock hard to operate;
- Seat cover dispenser is over 40" high;
- Soap dispenser is over 40" high;
- Paper towel dispenser is over 40" high;
- Rear grab bar is not positioned correctly;
- Tow away sign does not have towing information;
- Parking access aisle has no blue painted lanes;
- No Van Access aisle;
- Parking area slopes;
- Access aisle slopes;
- No parking signs;
- No 48" space between bathroom door and exit door in bathroom vestibule;
- Pipes under the sink are not insulated ;
- Parking access aisle does not have " No parking" wording painted in 12" letter.

17. As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and will continue to be, denied full and equal access to the goods, services, facilities, privileges, advantages, or accommodations of the Restaurant, and has suffered discrimination, humiliation, pain, emotional distress, and embarrassment, all to his damage. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

18. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 6 of 12

premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION VIOLATION OF THE AMERICANS WITH DISABILITIES ACT - TITLE III USC §12101 *et seq.*

19. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 18 of this Complaint, and incorporates them herein as if separately repled.

20. In 1990 the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities", and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. §12101.

21. Congress stated as its purpose in passing the Americans with Disabilities Act, 42 U.S.C. §12101(b):

It is the purpose of this act:

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 7 of 12

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

22. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. §12181 et seq. For purpose of this title Restaurants are considered "public accommodations" (42 U.S.C. §12181(7)(A)).

23. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24. Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA and its implementing regulations. Defendants' discriminatory conduct includes, but is not limited to:

A. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

B. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded to non-disabled individuals;

C. Failing to design and/or construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. A. 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401, 36.406(a);

D. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2); 28 C.F.R. §§ 36.402, 36.403, 36.406(a);

E. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); 28 C.F.R. § 36.304.

25. On information and belief, the Restaurant underwent construction and/or alterations

after January 26, 1992 that triggered access requirements under the ADA - Title III.

26. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
## Cal. Health & Safety Code §§ 19955 *et seq.*

27. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 26 of this Complaint, and incorporates them herein as if separately repled.

28. California Health & Safety Code §§ 19955 et seq. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public...," and includes restaurants and related sanitary facilities, shopping centers and related sanitary facilities, and curbs and sidewalks intended for public use. California Health & Safety Code § 19955.

29. On information and belief, the Restaurant and its related facilities underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as Restaurant and its related facilities, undergo an "alteration, structural repair or addition."

30. Pursuant to the remedies, procedures, and rights set forth in Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
## UNRUH CIVIL RIGHTS ACT
## Cal. Civ. Code §51 *et seq.*

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 9 of 12

allegations contained in Paragraphs 1 through 30 of this Complaint, and incorporates them herein as if separately repled.

32. The Restaurant is a business establishments and, as such, must comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, *et seq.*

33. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code, § 51(b).

34. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51 (f).

35. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiffs rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Restaurant.

36. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

37. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
## DISABLED PERSONS ACT
### Cal. Civ. Code § 54 *et seq.*

38. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 37 of this Complaint, and incorporates them herein as if separately repled.

39. The Restaurant and its facilities are places of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 *et seq.*

40. The CDPA guarantees, inter alia, that persons with disabilities have the same right

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 10 of 12

as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civ. Code § 54.

41. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civ. Code § 54.1(a)(1).

42. The CDPA also provides that a violation of the ADA is *aper se* violation of CDPA, Cal. Civ. Code § 54.1(d).

43. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiffs right to full and equal access as other members of the general public to the accommodations, advantages, or facilities of the Restaurant and its related facilities due to his disability.

Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. That this Court issue an injunction pursuant to Title III of the ADA and Plaintiff related state law claims:

    a) Ordering Defendants to alter their facilities to make such facilities readily accessible to and usable by individuals with disabilities; and

    b) Prohibiting operation of Defendants' public accommodations and facilities until they provide full and equal access to physically disabled persons, and requiring that such access be immediately provided.

    c) That this Court award general, compensatory, and statutory damages pursuant to the Unruh Act or, in the alternative, the Disabled Persons Act, in an amount within the jurisdiction of this court, and that these damages be trebled according to statute;

    d) That this Court award special and consequential damages according to proof;

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 11 of 12

e) That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to Title III of the ADA, 42 U.S.C. § 12205; Cal. Civ. Code §§ 52, and 55; Cal. Health &Saf. Code § 19953; and Cal. Code of Civil Procedure § 1021.5;

f) Such other and further relief as the Court may deem just and proper.

Dated: February 3, 2015                              */s/ Irene Karbelashvili*
                                                     Irene Karbelashvili, Attorney for Plaintiff
                                                     RICHARD JOHNSON

### *DEMAND FOR JURY*

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: February 3, 2015                              */s/ Irene Karbelashvili*
                                                     Irene Karbelashvili, Attorney for Plaintiff
                                                     RICHARD JOHNSON

---

First Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 12 of 12